Marion Woodward Payne, Sara Wolfe Bell, Lea M. Csala, Frances Phelps Waller, Rachael W. Gutman, Anthony J. Mussari, Barbara B. Albert, Magdalene Dysleski, Stella M. Moat, Elizabeth C. Miner, George Loveland, Esquire, Carolyn H. Reif, Judith L. Reishtein, Anthony J. Walaitis, and Stella Walaitis, His Wife, and The Wilkes College Students' Committee for a Clean Environment, by Mark Chamberlain, Trustee Ad Litem, Plaintiffs, v. Jacob G. Kassab, Individually and as Secretary of the Pennsylvania Department of Transportation, and the Commonwealth of Pennsylvania, Department of Transportation; City of Wilkes-Barre, John B. McGlynn, Mayor, Marjorie Bart, Robert P. Brader, John V. Morris, Kenneth Remensnyder, Con Salwoski and Joseph A. Williams, Councilmen of the City of Wilkes-Barre, Luzerne County, Pennsylvania, Defendants.

Argued June 5, 1974, before President Judge Bowman and Judges Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Crumlish, Jr. did not participate.

492

*James F. Geddes, Jr.,* with him *F. Charles Petrillo,* for plaintiffs.

*Gregory S. Ghen,* Assistant Attorney General, with him *David A. Johnston, Jr.,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for Commonwealth, defendants.

*Malcolm M. Limongelli,* with him *Chester B. Muroski,* for Wilkes-Barre, defendants.

OPINION BY JUDGE MENCER, July 26, 1974:

The several individuals, citizens of the City of Wilkes-Barre, and a group of students attending Wilkes College in Wilkes-Barre, who are the plaintiffs in this

equity action, filed exceptions to the Adjudication and Decree Nisi of this Court, reported as *Payne v. Kassab*, 11 Pa. Commonwealth Ct. 14, 312 A. 2d 86 (1973). We there dismissed plaintiffs' complaint and held that, in exercising judicial review of the propriety of development of property subject to Article I, Section 27, of the Constitution of Pennsylvania, a court must balance conflicting environmental and social concerns and determine (1) whether the proposed development complies with applicable environmental statutes and regulations, (2) whether a reasonable effort is being made to minimize environmental incursion, and (3) whether the environmental harm which will result so clearly outweighs the benefits to be derived that to permit such development would constitute an abuse of discretion.

We also held that public authorities in their discretion may change the use to which public lands are utilized and a different public use may be adopted so long as the terms and limitations of the original grant are not transgressed.

We have carefully considered the plaintiffs' exceptions filed in this case and find them to be without merit.

Accordingly, we make the following

### Order

And Now, this 26th day of July, 1974, all of the exceptions filed to the Adjudication and Decree Nisi dated November 21, 1973 are dismissed, the Decree Nisi is affirmed, and the Prothonotary shall enter the Decree Nisi as a final decree.